IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RYAN OSBORN and JAMIE OSBORN, Husband and Wife, <br><br> Plaintiffs <br><br> vs. <br><br> LEE TITTLE <br>     Serve at: <br>     308 NW Nutall <br>     Winterset Valley <br>     Lees Summit, MO 64081 <br><br> AARON H. BROWN <br>     Serve at: <br>     4334 Quarter Horse Lane <br>     Bates City, MO 64011 <br><br> BIG BOYS, INC. dba LOCK CUSTOM HOMES and GREG LOCK <br>     Serve at: <br>     c/o Registered Agent <br>     Greg Lock <br>     12901 Alley Jackson Rd. <br>     Lees Summit, MO 64086 <br><br> Defendants | Case No. _____ |

## COMPLAINT

COMES NOW the Plaintiffs RYAN OSBORN and JAMIE OSBORN by and through their attorney, Kenneth N. Caldwell, of the law firm of the Caldwell Law Firm, P.C. and complain, allege and state as follows:

1

## JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et. seq.*

2. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

## PARTIES

4. Plaintiffs are now and at all times relevant hereto have been residents of the State of Missouri.

5. Upon information and belief, Defendant LEE TITTLE ("Tittle") is a resident of Jackson County, State of Missouri.

6. Upon information and belief, Defendant Aaron H. Brown is a resident of Lafayette County, State of Missouri.

7. Upon information and belief, BIG BOYS, INC. is at the time of the filing of this Complaint an administratively dissolved corporation that formerly did business as LOCK CUSTOM HOMES. Upon information and belief, Greg Lock is the principal of LOCK CUSTOM HOMES and responsible for all of its activities.

## FIRST CLAIM FOR RELIEF
(Copyright Infringement and/or Contributory Copyright Infringement)
(Against All Defendants)

8. The Plaintiff re-alleges and incorporates by reference each of the previous allegations of this Complaint as if fully set forth herein at this point.

9. In 2010 and 2011 R. Scott Bickford, author, created Architectural Works and an Architectural Design (referred to herein as the "Osborn Home Architectural Works.")

2

10. The Osborn Home Architectural Works contained material wholly original and was copyrightable subject matter under the laws of the United States.

11. On or about September 14, 2015, R. Scott Bickford assigned all of his rights in the Osborn Home Architectural Works to Ryan Osborn and Jamie Osborn.

12. Ryan Osborn and Jamie Osborn duly complied with all of the laws necessary to register the Osborn Home Architectural Rights as copyrighted works, evidenced by two (2) Certificates of Registration issued by the Register of Copyrights identified and dated as follows: (1) VAu 1-239-207 effective December 11, 2015; (2) VAu 1-239-231 effective December 11, 2015.

13. Said Certificates of Registration are attached hereto as Exhibits A and B, respectively, and incorporated by reference herein.

14. At all times pertinent hereto, the Plaintiffs and their predecessor in interest duly complied with all of the provisions of the Copyright Laws of the United States applicable to the abovementioned copyright registrations.

15. The Defendants named herein infringed the copyright with respect to Plaintiffs' Osborn Home Architectural Works by copying, making and distributing, authorizing the making and distributing, and/or participating in and furthering such infringing acts and/or induced, caused or materially contributed to the infringing activity of another with respect thereto.

16. Specifically, Defendant Lee Tittle obtained access to and took photograph(s) of the floor plans and elevations of the Osborn Home Architectural Works.

17. The photographs were turned over to Lee Tittle's architect, specifically Defendant Aaron H. Brown ("brown") who utilized the photograph(s) in the preparation of the preliminary

plan and final construction documents for the Tittle's residence which were in turn provided to Lock Custom Homes for construction of the residence.

18. The Defendants intended, by obtaining uniquely designed plans for their Osborn Home Architectural Works to have a unique residence that was not able to be copied and duplicated without their express consent.

19. Upon information and belief, Defendants have profited and/or been advantaged as a result of the copying, use and/or distribution of the Osborn Home Architectural Works.

20. The Plaintiffs have been damaged by the actions of the Defendants and are entitled to compensation under the copyright laws of the United States.

21. The Plaintiffs have had to hire attorney's to pursue this claim and are therefore entitled to recover their reasonable attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
(Invasion of Privacy)
(Against Defendant Tittle)

22. The Plaintiff re-alleges and incorporates by reference each of the previous allegations of this Complaint as if fully set forth herein at this point.

23. The Plaintiffs had the right to keep certain information about their residence and related construction plans, elevations, and facts related thereto private and free from intrusion by electronic means or otherwise.

24. Defendant Tittle obtained access to the construction plans and elevations by unreasonable means and then perpetuated their use in an unreasonable fashion.

25. The Plaintiffs have sustained damages as a result of Defendant Tittle's conduct and therefore the Plaintiffs' are entitled to recover tort damages for Defendant Tittle's unreasonable conduct.

4

Case 4:16-cv-00406-FJG   Document 1   Filed 05/06/16   Page 4 of 5

26. The Plaintiffs have had to hire attorney's to pursue this claim and are therefore entitled to recover their reasonable attorney's fees and costs.

## PRAYER

WHEREFORE, Plaintiffs pray for a judgment and decree of this Court as follows:

1. For injunctive relief precluding the Defendants from further use, copying, marketing, or distribution of Plaintiffs' copyright work and any derivatives thereof;

2. For compensatory damages;

3. For recovery of, return and/or destruction of the infringing works;

4. For cost of suit and reasonable attorney's fees;

5. For prejudgment interest;

6. For such other and further relief as the court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all triable issues.

DATED this 6th day of May, 2016.

By: _____
KENNETH N. CALDWELL, ESQ.
Missouri Bar No. 65443
CALDWELL LAW FIRM, P.C.
1201 NW Briarcliff Pkwy, 2nd Floor
Kansas City, MO 64116
Tel. (816) 535-1001
Facsimile. (702) 548-9796
ATTORNEYS FOR PLAINTIFFS